BAILEY, (GARDNER v.) See Case No. 5,-221.

## Case No. 735.

### BAILEY et al. v. GOODRICH.

[2 Cliff. 597.] [1]

Circuit Court, D. Massachusetts. May Term, 1867.

CUSTOMS DUTIES—ENTRY AND APPRAISEMENT—AD VALOREM DUTY—DETERMINATION OF APPRAISERS CONCLUSIVE.

1. The determination of appraisers under the fifth section of the act of the 5th of March, 1823, [3 Stat. 732,] as to the true and actual market value and wholesale price of an importation, in the principal markets of the coun-

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

try from which it was exported, is conclusive in the premises.

[Cited in Hilton v. Merritt, 110 U. S. 105, 3 Sup. Ct. 553.

[See Bartlett v. Kane, Case No. 1,077; same case, on appeal, 16 How. (57 U. S.) 263; Iasigi v. Collector, 1 Wall. (68 U. S.) 375; Tappan v. U. S., Case No. 13,749; Harding v. Whitney, Id. 6,052; Saxonville Mills v. Russell, 1 Fed. 118; Hertz v. Maxwell, Case No. 6,432; Roller v. Maxwell, Id. 12,025; Morris v. Maxwell, Id. 9,834; McCall v. Lawrence, Id. 8,672; Stewart v. Merritt, 2 Fed. 531.]

2. But these duties of the appraisers are, by the first section of the act of March 3, 1851, [9 Stat. 629,] limited to goods, wares, and merchandise, subject to ad valorem duty.

3. Values of imported goods subject to specific duty are, by section 8, of the act of February 10, 1820, [3 Stat. 542,] ascertained in the same manner as those of goods subject to ad valorem duty, but the requirement is for statistical purposes different from those described in the acts of congress making provision for the appraisement of articles subject to ad valorem duty.

4. In the appraisement of goods subject to specific duty the decision of the appraisers is not conclusive as in the case of goods subject to ad valorem duty.

At law. Motion for new trial. This was an action of assumpsit [by Adam Bailey and others against John Z. Goodrich] brought against the defendant as collector of the port of Boston, to recover the duties paid on two importations of rice from Calcutta, by the plaintiffs, one in December, 1861, by the ship Dolphin, and one in March, 1862, by the ship Fleetwing. [Verdict and judgment for defendant. Heard on motion for a new trial. Granted.]

Both importations were invoiced by the plaintiffs as "first quality Patna table rice." The plaintiffs entered the cargo of the Dolphin as "uncleaned rice," and dutiable at one half a cent per pound. The appraisers reported it to be "cleaned rice," and dutiable at one cent per pound, and duties were exacted accordingly. The importers protested against the levying of these duties, and appealed to the secretary of the treasury, who sustained the decision of the officers of the customs. In the case of the Fleetwing, the plaintiffs entered the cargo as rice, one cent per pound. The appraisers reported it as "cleaned rice correct," and duties were accordingly assessed; and the plaintiff protested against the levying of this rate of duty. The court instructed the jury that the finding of the appraisers in the case of the Dolphin, that the importation was clean rice, and dutiable at one cent per pound, after appeal, and after confirmation of that finding by the secretary of the treasury, was conclusive as to the character of the importation, and that the decision of the collector, based on that finding, after the same was confirmed on appeals by the secretary of the treasury, fixed the true rate of duty to which the importation was subject. They also instructed the jury in the case of the Fleetwing, that the plaintiff having entered the importation as rice, at one cent per pound, it became the duty of the collector, in the absence of any appeal to the secretary of the treasury, to assess the duties on that basis, and that the protest is not sufficient to recover back the duties on the ground that the plaintiffs were required by the collector to make such an entry. The court accordingly directed a verdict for the defendant, subject to the right in the plaintiffs to move for a new trial.

The hearing was had before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

C. L. Woodbury and S. W. Bates, for plaintiffs.

W. A. Field, for defendant.

CLIFFORD, Circuit Justice. The jury in this case, under the instructions of the court, returned their verdict in favor of the defendant, and the plaintiff now moves the court to set the verdict aside and grant a new trial, upon the ground of error in the instructions. The substance of the instructions was, that the finding of the appraisers that the importation was cleaned rice, under the circumstances disclosed in the evidence, was conclusive. The tenth section of the act of 10th of March, 1861, imposed a duty of one cent per pound on cleaned rice, and fifty cents per one hundred pounds on uncleaned rice or paddy. 12 Stat. 183. Two importations of rice were made by the plaintiffs, one in the Dolphin, and the other in the Fleetwing, and the importations were separately entered at the custom-house. Entry in the first case was "uncleaned rice," and in the second case it was "rice, at one cent per pound."

In both cases the claim of the plaintiff was, that the rice was uncleaned, and consequently that it was subject only to a duty of fifty cents per one hundred pounds. The decision of the appraisers was that it was cleaned rice, and that it was subject to a duty of one cent per pound. Adopting their report, the collector classified the importations as cleaned rice, and assessed the duty accordingly. Plaintiff appealed to the secretary of the treasury, and he confirmed the decision of the collector. Whereupon the plaintiff paid the duties under protest, and brought this suit to recover back the excess beyond the amount properly levied on uncleaned rice. The proposition of the plaintiff is, that the instructions in the case of the Dolphin were erroneous; and that is the only question in the case, as the plaintiff declines to argue the other question.

The appraisement act of the 1st of March, 1823, in its fifth section prescribed the manner in which ad valorem rates of duties on imports should be estimated, and the sixteenth section provided for the appointment of certain appraisers, and required that they should make oath diligently and faithfully to examine and inspect such goods, wares, or merchandise as the collector may direct, and truly to report to the best of their knowledge and belief the true value thereof, according

to the provisions of the fifth section of the act. 3 Stat. 732, 735.

Collectors of the customs were required by the act of the 28th of May, 1830, to cause one package of every invoice, and one at least out of every twenty packages of each invoice to.be opened and examined. . . . . And if such goods were subject to ad valorem duty the requirement was, that they should be appraised. 4 Stat. 410. Appraisers were required by the sixteenth section of the act of the 30th of August, 1842, and it was made their duty, by all reasonable ways and means in their power, to ascertain, estimate, and appraise the true and actual market value and wholesale price of goods, wares, or merchandise subject to "any ad valorem rate of duty" at the time purchased, and in the principal markets.of the country whence the same shall have been imported into the United States. 5 Stat. 563. Packages to be opened for that purpose and examined and appraised, were to be designated by the collector, and ordered to the public stores.

The precise requirement is, that he shall designate on the invoice one package at least of every invoice, and one package of every ten packages of the goods imported, to be sent to the public stores for examination.

Where it became necessary that the appraisers, in order to ascertain, estimate, and appraise the true and actual market value. and wholesale price of the importation, should determine what were the principal markets of the country from which it was exported, the supreme court held that their decision in the premises was conclusive. Stairs v. Peaslee, 18 How. [59 U. S.] 524.

The duties of appraisers are also limited by the first section of the act of the 3d of March, 1851, to the appraising, estimating, and ascertaining the actual market value and wholesale price of goods, wares, and merchandise subject to "ad valorem rate of duty." They are to appraise, estimate, and ascertain the actual market value of such importations at the period of the exportation, in the principal markets of the country from which the same shall have been imported, and all charges, except insurance, and a charge for commission at the usual rates, are to be added, and the amount so computed is declared by the act to be the true value of the goods at the port where the same may be entered, upon which. the duties shall be assessed. 9 Stat. 630.

Repeated decisions of the supreme court have established the rule that the report of the appraisers made to the collector, in pursuance of their duty to appraise, estimate, and ascertain the actual value or wholesale price of such goods at the period of the exportation, in the principal markets of the country from which the same were imported, is final and conclusive as to such value. Belcher v. Linn, 24 How. [65 U. S.] 522; Bartlett v. Kane, 16 How. [57 U. S.] 272;

Rankin v. Hoyt, 4 How. [45 U. S.] 327. Required as the appraisers are to appraise, estimate, and ascertain such value, the supreme court has in effect determined that every matter necessarily involved in that inquiry and determination, must also be considered as conclusively decided in the suit to recover back duties assessed on the importation. Stairs v. Peaslee, 18 How. [59 U. S.] 524; Belcher v. Linn, 24 How. [65 U. S.] 523.

All of those decisions, however, were made in respect to importations subject to ad valorem duties, and in cases where some act of congress made·it the duty of the appraisers to appraise, estimate, and ascertain the actual market value or wholesale price of the importation at the period of exportation, in the principal markets of the foreign country, as the basis upon which the ad valorem duties should be assessed. Importations, subject only to specific duties are not required to be so appraised and estimated, or the market value to be so ascertained for any such purpose. Values of all imported articles subject to specific duties are required to be ascertained by the eighth section of the act of the 10th of February, 1820, [3 Stat. 542,] in the manner in which the values of imports subject to duties ad valorem are ascertained, but the requirement is for statistical purposes, and not for any such purpose as that described·in the acts of congress making provision for the appraisement of importations subject to ad valorem duties.

Our conclusion is that the instructions of the court in respect to the effect of the appraisers' report in the case of the Dolphin were erroneous, and the verdict must be set aside and a new trial granted.